## WORRILOW'S APPEAL.

A bill in equity lies to compel the reinstatement of a member unjustly expelled from a Masonic lodge.

A decree ordering a reinstatement of a member in a Masonic lodge and that the master state an account of the benefits due him is not a final decree from which an appeal lies.

. A lodge cannot reduce the rate of benefits paid to sick members without notice to them. ·

Where a member tries to obtain redress within the society and fails, he cannot be expelled for proceeding at law.

Appeals from the Common Pleas of Delaware County. Nos. 66 January Term, 1883, and 207 January Term, 1884. In Equity.

The facts of the case appear in the opinion of the Court below which was delivered on Sept. 20, 1882, per

FUTHEY, P. J.:

The plaintiff became a member of the defendant Lodge of Odd Fellows in 1865 ; 'he had been a member of the Order for some years previously. On June 17th, 1876, he was placed on the sick list, and as the Master finds, he has, ever since, been sick and incapacitated for work of any kind. In 1877, on a charge that the plaintiff was feigning sickness, an investigation was had in the Lodge, and he was suspended from membership. He appealed to the Grand Lodge of the State, where a decision was made in his favor and he was restored to membership and his rights thereunder. He.then made a demand for his benefits, which was rejected by the lodge and an appeal was again taken by him to the Grand Lodge, where he was again sustained and the defendant Lodge directed to pay the benefits claimed. The defendant Lodge asked permission to appeal to the Sovereign Grand Lodge of the U. S., which was granted, but as the Master finds, no appeal was ever taken in pursuance of the permission thus granted. The plaintiff again made a formal demand on the defendant for his benefits, which being refused, he then on August 12th, 1879, commenced proceedings in equity in this Court to compel their payment. On the hearing before his Honor Judge Clayton, the bill was dismissed, on the facts as then presented, that permission had been given to the defendant Lodge to appeal to the Sovereign

3 Wa 11

Grand Lodge of the United States, and that the latter Lodge had not disposed of the case when the bill was filed, and that the application to the civil courts for redress was therefore premature. No appeal, however, having been taken by the defendant Lodge to the Sovereign Grand Lodge from the decision of the Grand Lodge of Pennsylvania in his favor, the plaintiff again demanded his benefits under this decision. The defendant Lodge then expelled the plaintiff from the Order, on the ground that he had commenced proceedings in the civil courts against the Lodge without having first sought redress within the tribunals of the Order and had thereby violated a resolution of the Grand Lodge of the State. From this proceeding the plaintiff appealed to the Grand Lodge and the Committee on Appeals of that Lodge sustained the action of the defendant Lodge by a vote of four to three. The present bill in equity was then filed by the plaintiff, praying for a decree that he be reinstated in the Lodge and an account taken.

The facts as found by the Master are somewhat different from those which appear to have been presented to the Court on the hearing of the first bill. It was then stated that when the bill was filed August 12, 1879, an appeal was pending to the Sovereign Grand Lodge of the United States, which about one month subsequently to the filing of the bill had been dismissed by that Lodge. It now appears that no such appeal was ever taken and the case was therefore never before the Sovereign Grand Lodge, and it further appears that before the last mentioned Lodge met, the defendant Lodge had dismissed its committee, who had been charged with taking the appeal. The resolution which the plaintiff is charged with having violated was adopted by the Grand Lodge of the State on May 18, 1876, and provides "That whenever any member of this order appeals to the Civil Courts on any difference between himself and his Lodge before he has sought redress in the tribunals of the order, the Lodge to which he belongs may prefer charges against him, and if, after trial, he is found guilty, he may be expelled the order." There was no provision of this kind in either the constitution or by-laws of the order when this plaintiff became a member, and none such

was incorporated therein until May, 1880, after the legal proceedings complained of were instituted, and there is testimony that the plaintiff had no knowledge that there was such a resolution on the minutes of the Grand Lodge.

It appears that on the initiation of new members into a Lodge, they bind themselves to abide by the constitution, by-laws, rules and general regulations of the Lodge, of the Grand Lodge of the State of Pennsylvania, or any other grand or working Lodge to which they may be attached," and the constitution of the defendant Lodge provides that "if any member of this Lodge shall violate the obligations he has taken at initiation, at receiving his degrees, or office, or shall knowingly violate the established principles, rules and customs of the order, or shall disregard the requirements of this constitution, or of the by-laws of this Lodge, or be guilty of any other conduct unbecoming an Odd Fellow, he shall be amenable to the Lodge therefor, and shall be tried and punished by fine, suspension or expulsion, as hereinafter provided."

Has the plaintiff been guilty of any acts which justify the severe penalty of expulsion from the Lodge? The Master finds that he had been sustained in his appeals to the higher tribunals of the order; that no appeal was in fact taken from the decision in his favor to the Sovereign Grand Lodge of the United States, and that he had in the language of the resolution he is charged with having violated, "sought redress in the tribunals of the order before he appealed to the Civil Courts on the differences between him and the Lodge;" in short that he had exhausted his efforts within the tribunals of the order, and that nothing was left him but to appeal to the Civil Courts to compel the defendant Lodge to comply with the decision of the Grand Lodge in his favor.

Had the defendant Lodge actually taken an appeal to the Sovereign Grand Lodge, and that was pending when the first bill was filed, he might have been considered as having unwittingly, perhaps, violated the resolution in question; in not waiting until it had been disposed of but no such appeal was taken.

Why, then, was he expelled ?   I am loath to think  that it was in order to rid  the  Lodge of  the  incumbrance of a sick member likely to remain such for a  long  time, and  prefer to believe that there were other reasons satisfactory to  the members of the Lodge which did appear in the proceedings. But no reason whatever appears which will justify or support the action of the Lodge.   The plaintiff has been guilty of no act which brought him within the terms of the constitution or by-laws or any regulation of  the order.   He has his rights as a member which cannot be taken from him without cause, and the authorities are clear that where a member of such an order is unlawfully deprived of such rights, the Civil Courts will afford  redress;  Black  and  White  Smith's  Society vs. Vandyke, 2 Wharton, 308 ;  Breneman vs. The Franklin Beneficial  Association, 3  W. &  S., 218;  Toram  vs. The Howard Beneficial  Society, 4  Barr,  519 ;  Commonwealth  vs.  Pike Beneficial Society, 8 W. &  S., 247;  Thomas  vs.  Ellmaker, 1 Parsons, 98.

But even if there was a technical violation of the resolution of the Grand Lodge in filing his bill in Court after permission had been given the defendant Lodge to appeal to the Sovereign Grand Lodge, which I do not however see, the circumstances would not justify his expulsion under the rules of the order.   The constitution provides for the punishment of members  who shall *knowingly* violate the  established principles, rules and customs of the  order—not those who have unwittingly done so.  The plaintiff appears to have had no knowledge of the resolution of the Grand  Lodge until  charges of having  violated its  provisions were  preferred against him, unless it is to be inferred from the fact of his being a  member of the order, and the Master finds that when he filed  his first bill, he believed that he had exhausted all the remedies provided by the laws of the order and had complied with all their requirements.

I fully agree with the Master in his views of the  law, and that  the expulsion of the plaintiff was, under the circumstances,  improper and cannot be justified, and that having been illegally expelled, equity will interfere in his behalf, by restoring him to his membership and  compelling an account.

And now, September 20, 1882, the above cause having been heard upon the exceptions filed to the report of Ward R. Bliss, Esq., Master and Examiner, it is decreed that the said exceptions be dismissed and the said report be confirmed, and that the said Christopher Glover be admitted by the Farmers and Mechanics Lodge of No. 185, I. O. of O. F., of Pennsylvania, into full fellowship in said association, and to all the rights of a member therein as though the alleged expulsion had not taken place; and that the said association pay to the said Christopher Glover the amount by which the account hereinafter directed to be taken, shall be found to be due him; and that the cause be referred to Ward R. Bliss, Esq., as Master and Examiner to state an account between the said Christopher Glover and the said association.

Worrilow then appealed in behalf of the Lodge to the Supreme Court of Pennsylvania.

The Supreme Court quashed the appeal on February 19, 1883, in the following opinion,

PER CURIAM:

This is not a final decree. An account is therein directed to be taken and stated between the parties. One of the exceptions in the Court below is that the Master reported a decree for an account. The first specification of error here is that the Court erred in dismissing the exceptions filed on behalf of the appellant. Although this part of the decree was not pressed on the argument, yet it is a part thereof, and prevents its being a definite decree. An appeal does not therefore lie.

Appeal quashed.

The Master appointed to state an account filed his report, from which the following extract is taken:

The only difference between the parties is as to the rate at which the benefits due Mr. Glover ought to be charged against the defendants. Benefits must be paid for the entire time between Nov. 24, 1877, and Jan. 13, 1881, the date of filing the bill by the plaintiff in this case, less the sum of $112 which was paid to the plaintiff by the defendants on March

6, 1880. The plaintiff claims benefits for this interval at the rate of $4 per week, the defendants contend that the rate should be but $2 per week.

It appears that at the time Mr. Glover was first taken sick, the benefits paid by the Lodge were at the rate of $4 per week, and the plaintiff received benefits at that rate. No notice was ever given to Mr. Glover of any change in the rate. A law of the Grand Lodge of Pennsylvania permits subordinate Lodges to enact by-laws limiting the rate of benefits to $2 per week, but no such by-law was passed by the defendants' Lodge. The defendants urge that the acceptance by the plaintiff of the sum of $112, mentioned above, was a virtual acceptance by him of the reduced rate. This money was paid by an order drawn by the defendants for benefits between Nov. 4, 1877, and June 22, 1878, this amounts to 30 weeks, from which it appears clearly enough that the benefits were calculated at the rate of $4.00 per week for 26 weeks and $2.00 per week for 4 weeks. The plaintiff accepted this money and receipted for it as "one hundred and twelve dollars in full for order No. 1122," which the defendants argue amounts to an acceptance of the reduced rate. In this view the Master cannot concur. Some more tangible and positive evidence must be produced to establish the waiver of so important a right. The laws of the Grand Lodge provide that claims for benefits shall be barred by limitation if not made within one year after they become due. In this case Mr. Glover made repeated claims up to March 6, 1880, since which time he has been under expulsion from the Lodge and has been seeking redress in the Courts. This amounts in effect to a continuing claim for benefits within the provision of the above law.

---

The Court modified the report of the Master and made a decree against the Lodge on December 17, 1883, in the following opinion, per,

FUTHEY, P. J.:

In this case the Court on September 20, 1882, made a decree reinstating the plaintiff, Christopher Glover, in full membership in the Farmers and Mechanics Lodge, No. 185, I. O. of O. F., of Pennsylvania, and directing that the said association

pay to the said Christopher Glover the amount which by the account then directed to be taken should be found to be due him, and the cause was referred to Ward R. Bliss, Esq., as Master and Examiner to state an account between the said Christopher Glover and the said association. Before making this decree, the propriety of the Court directing such account to be stated was fully considered and I have no doubt of the authority of the Court in the premises. The only question is as to the rate at which the benefits due Mr. Glover ought to be charged against the defendant Lodge. The benefits were paid up to November 24, 1877, and the bill in equity in this case was filed January 13, 1881. The Master charged $4.00 per week during the entire period between these dates, allowing credit for $112.00 paid by order drawn April 26, 1879. The defendants claim that if benefits are to be charged, they should be at the rate of $2.00 per week after May 25, 1878.

It appears that the defendants' Lodge have a by-law which was adopted November 3, 1877, and approved by the Committee on Laws of the Grand Lodge November 19, 1877, which authorizes the defendant Lodge to reduce benefits to $2.00 per week where the member has been drawing benefits at the rate of $4.00 per week for a period exceeding six months. Christopher Glover had been drawing benefits at the rate of $4.00 per week for a period of six months, and was paid at that rate up to November 24, 1877. On April 26, 1879, the Appeal Board of the Grand Lodge directed the defendant Lodge to pay the benefits due Mr. Glover. The defendant Lodge on the same day drew an order in favor of Mr. Glover for $112, which it claimed was the amount due up to June 23, 1878, the date when the claim for benefits was made which was thus directed to be paid. This order was forwarded to the Grand Master, and an appeal taken from the report of the Committee on Appeals to the Grand Lodge.

On November 22, 1879, the Grand Lodge wrote to the defendant Lodge that the order for $112.00 had been forwarded to Mr. Glover and directing the Lodge to pay it. The Lodge immediately tendered the amount to Mr. Glover. It does not then appear to have been accepted, but on March 9, 1880, was received by him, less the dues owing by him to the Lodge. In

this order for $112.00 the benefits were calculated at the rate of $4.00 per week from November 24, 1877, to May 25, 1878, and at the rate of $2.00 per week from the latter date to June 22, 1878.

The defendant Lodge had authority, as we have seen, to reduce the benefits to be paid to $2.00 per week. In drawing this order for $112.00 it is evident this right was then exercised and it was determined that if benefits were to be paid they should not be at a greater rate than $2.00 per week after May 25, 1878. There is nothing to show any such action until the drawing of this order, which bears date April 26, 1879. The Lodge could not thus reduce the rate to take effect as of a prior date, and it is therefore liable to pay $4.00 per week until the latter date. After that date the calculation should be at the rate of $2.00 per week.

The account then stands thus :

*Farmers & Mechanics Lodge, I. O. of O. F., No. 185,*
*To Chistopher Glover, Dr.*

| | |
|---|---:|
| To benefits from November 24, 1877, to April 26, 1879, at $4.00 per week, – – – – – | $300.00 |
| To benefits from April 26, 1879, to Jan. 13, 1881, at $2.00 per week, – – – – – – | 178.00 |
| | $478.00 |
| Deduct order paid – – – | 112.00 |
| | $366.00 |
| Add interest from Jan. 13, 1881 – | 64.00 |
| Amount due Mr. Glover, – – | $430.00 |

This amount the Court directs the said Farmers and Mechanics Lodge to pay to Christopher Glover, and further the defendants are directed to pay the costs of the proceedings.

John R. Worrilow again appealed on behalf of the Lodge, complaing that the Court erred in not dismissing the bill ; in ordering Glover's reinstatement ; in directing an account, and in computing the rate of benefits.

*J. A. Simpson* and *E. H. Hall, Esqs.*, for appellant, cited Black and White Smith's Society, vs. Vandyke, 2 Wh., 309; Commonwealth vs. Pike, B. Soc., 8 W. & S., 250; Toram vs. Howard Ben. Soc., 4 Pa., 519; Franklin vs. Commonwealth, 10 Pa., 357; Society vs. Commonwealth, 52 Pa., 131; Evans vs. Phila. Club, 50 Pa., 107; Commonwealth vs. St. Patrick's Soc., 2 Binn, 441; Moxey's Appeal, 9 W. N. C., 441; McDowell vs. Ackley, 8 W. N. C., 464; Commonwealth vs. Society, 15 Pa., 251; Breneman vs. Society, 8 W. & S., 218.

*Wm. B. Broomall, Esq.*, *contra*, cited the following additional authorities: Scott vs. Avery, 5 House of Lords, C, 811; Thompson vs. Adams, 4 W. N. C., 445; Mentz vs. Insurance Co., 79 Pa., 475.

The Supreme Court affirmed the decree of the Common Pleas on February 25th, 1884, in the following opinion,

PER CURIAM:

The facts found by the Master and approved by the learned judge fully sustain the decree; and it is affirmed on the opinion of the latter.

Decree affirmed and appeal dismissed at the costs of the appellant.